**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00081-MR-1**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| NELSON RANGEL. | ) | |
| _____ | ) | |


**THIS MATTER** is before the Court on the Defendant's letter filed on November 4, 2013 [Doc. 55], which the Court construes as a motion requesting assistance in filing a motion pursuant to 28 U.S.C. § 2255.

In his letter, the Defendant acknowledges that the deadline for filing a § 2255 motion is approaching and that he does not "know what to do." [Doc. 55]. While the letter is largely incomprehensible, it appears that the Defendant is asking the Court for assistance in filing a post-conviction motion.

To the extent that the Defendant seeks guidance from the Court on how to proceed, the Defendant's request must be denied. The Court cannot offer the Defendant legal advice or otherwise advise him on how to

proceed in filing a post-conviction motion. If the Defendant requires assistance in these matters, he should seek the services of an attorney.

Further, to the extent that the Defendant is seeking the appointment of counsel, his request must be denied. As the Court has previously explained, prisoners have no constitutional right to counsel in a post-conviction proceeding, and the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel in this case. [See Doc 54].

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 55], which the Court construes as a motion requesting assistance in filing a motion pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS SO ORDERED.**     Signed: November 6, 2013

Martin Reidinger
United States District Judge