# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00097-MR
# [CRIMINAL CASE NO. 1:10-cr-00081-MR-1]

| | |
|---|---|
| **NELSON RANGEL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

**I.   BACKGROUND**

On November 16, 2010, Petitioner was charged in a Bill of Indictment with eleven counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:10-cr-00081, Doc. 8: Indictment]. On December 6, 2010, Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to Count 8 of the Indictment in exchange for the Government's agreement to dismiss

the remaining counts. [Id., Doc. 12: Plea Agreement]. The Magistrate Judge accepted Petitioner's plea of guilty after finding, among other things, that the plea was knowingly and voluntarily entered and that Petitioner was satisfied with the services of his attorney. [Id., Doc. 13: Acceptance and Entry of Guilty Plea].

The United States Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. In the PSR, the probation officer calculated a total offense level of 31 and a criminal history category of II which yielded a guidelines range of 121 months to 151 months' imprisonment. The statutory term of imprisonment was not less than 10 years and not more than life. See 21 U.S.C. § 841(b)(1)(A).

On January 19, 2012, Petitioner appeared with counsel for his sentencing hearing. First, the Court confirmed that Petitioner's guilty plea was knowingly and voluntarily entered and accepted his plea of guilty. Next, the Court granted the Government's motion for a downward departure based on Petitioner's substantial assistance in the prosecution of other individuals that were involved in the distribution of controlled substances. See U.S. Sentencing Guidelines Manual, § 5K1.1 and 18 U.S.C. § 3553(e). The departure resulted in a sentence that was below the statutory minimum of ten years in prison with the Petitioner to be sentenced

with reference to a new range of 97 to 121 months' imprisonment. Petitioner was sentenced to 97 months in prison.

Thereafter, Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. [Id., Doc. 36: Judgment in a Criminal Case].
Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no meritorious issues for appeal. Petitioner filed a supplemental brief contending that he received ineffective assistance of trial counsel and that his sentence was unreasonable. On November 14, 2012, Petitioner's judgment was affirmed in all respects in a per curiam opinion. See United States v. Rangel, 487 F. App'x 829 (4th Cir. 2012) (unpublished). Specifically, the Court rejected Petitioner's challenge to his sentence and declined to reach the merits of Petitioner's claim of ineffective assistance of counsel after concluding that the issue was properly presented in a § 2255 motion to vacate. Id. Petitioner did not file a petition for a writ of certiorari with the Supreme Court.

Petitioner filed the present motion by placing it in the prison mailing system on April 7, 2014.[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his pro se § 2255 motion to vacate, Petitioner raises four grounds for relief. First, Petitioner argues that his trial counsel was ineffective in advising him about the amount of imprisonment he would face if he pled guilty and that his plea was knowingly and voluntarily entered. Second, Petitioner contends that he should not have received three criminal history

---

[1] Petitioner attempted to file his motion to vacate with the Eleventh Circuit Court of Appeals, which received the filing on April 11, 2014. The Eleventh Circuit forwarded Petitioner's motion to this Court on April 14, 2014.

points for two state misdemeanors. Third, Petitioner argues that the Government failed to present sufficient evidence that he possessed and sold more than one pound of methamphetamine. Finally, Petitioner argues that there was insufficient evidence that he had a managerial role in the distribution of methamphetamine. [Doc. 1].

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2255(f)(1)-(4).

28 U.S.C. § 2255(f).

The Fourth Circuit affirmed Petitioner's criminal judgment on November 14, 2012, and he did not seek review from the Supreme Court; therefore, his judgment became final on or about February 14, 2013. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court confirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (internal citations omitted); see also Sup. Ct. R. 13.1 (providing for 90 days to file a petition for a writ of certiorari after judgment affirmed).

Petitioner avers that he placed his § 2255 motion in the prison mailing system on April 7, 2014; therefore, his § 2255 motion was filed nearly two months after the AEDPA's one-year time limitation expired. [1:14-cv-00097, Doc. 1 at 13]. While acknowledging that his § 2255 motion was filed outside the one-year limitation period, Petitioner argues that he did not know that he had one year to file for collateral relief. He further states that he does not speak English. [Id. at 12].[2]

Petitioner's sworn statement that he does not speak English is contrary to his sworn assertions during his Rule 11 hearing where he

---

[2] The Court finds that it is apparent from Petitioner's pleadings that he understands the one-year limitations period and that consequently no warning need issue regarding *sua sponte* dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

confirmed that he was able to speak some English. [See 1:10-cr-00081, Doc. 13: Acceptance and Entry of Guilty Plea at 2; Doc. 42: Tr. of Rule 11 Hearing at 4]. Likewise, Petitioner's sworn contention that he did not know that he had one year to file his § 2255 motion is fatally belied by the record before the Court. On June 17, 2013, some four months after his criminal judgment became final, Petitioner filed a motion to appoint counsel to assist him in preparing a § 2255 motion. This motion was denied after the Court noted that prisoners have no constitutional right to appointed counsel in a post-conviction proceeding, and that Petitioner had failed to demonstrate that the interests of justice supported appointment of counsel. [Criminal Case No. 1:10-cr-00081, Doc. 54: Order]. On September 20, 2013, Petitioner filed a second motion for appointment of counsel to assist in the preparation of a § 2255 motion. In this motion, Petitioner stated that he had until November 14, 2013, in order to file his § 2255 motion. [Id., Doc. 53]. This motion was denied for the same reasons given in the first order denying appointment of counsel. [Id., Doc. 54]. On November 1, 2013, Petitioner filed a third motion for appointment of counsel, reiterating that he had until November 14, 2013, in order to file his § 2255 motion. [Id., Doc. 55]. This motion was likewise denied. [Id., Doc. 56]. In his fourth motion filed on November 25, 2013, Petitioner stated that he could not locate an

attorney to assist him and thus requested more time to file a § 2255 motion. [Id., Doc. 57]. That motion, too, was denied. [Id., Doc. 58].

Based on the foregoing, the Court finds that it is clear that Petitioner understood that he had to file his § 2255 motion by a fixed date. Although Petitioner's belief that he had to file his § 2255 motion by November 14, 2013 is erroneous, he nevertheless understood that he was bound by an express time constraint. Despite this understanding, Petitioner still filed his pro se § 2255 motion nearly two months after the expiration of the one-year limitation expired.

Further, the Court finds that Petitioner has failed to make a credible case for equitable tolling. First, based on the motions for appointment of counsel discussed above, it appears that Petitioner has provided false evidence to the Court by contending under oath that he did not know that he had one year to file his § 2255 motion. [Doc. 1 at 13]. Second, in order to be entitled to equitable tolling a petitioner must demonstrate that (1) he has diligently pursued his right to pursue collateral relief and (2) that some extraordinary circumstance prevented the timely filing of the § 2255 motion. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 649 (2010). It is apparent from the record before the Court that Petitioner was clearly aware that he had a set time period within which

to present the claims in his § 2255 motion yet he failed to do so, and his explanation for his late filing is unavailing. In addition, Petitioner presented his first and fourth grounds for relief in his pro se supplemental brief that he filed on direct appeal; therefore, Petitioner was well aware of potential claims that he could present on collateral review.[3]

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 motion is untimely and should be denied and dismissed.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

---

[3] As noted previously, Petitioner's contention that his inability to speak English prevented his timely filing is without merit. See, e.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (finding that lack of access to legal materials in the Spanish language does not support equitable tolling); Yang v. Archuleta, 525 F.3d 925, 929-30 (10th Cir. 2008) (same); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (holding that inability to read and speak English is not sufficient, in itself, to support equitable tolling).

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 23, 2014

Martin Reidinger
United States District Judge